FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2003 DEC 10  P 12: 04

| | | |
|---|---|---|
| MICHAEL HARTSOCK | : | PRISONER<br>CIVIL NO. 3:03CV735 (JCH) (HBF) |
| v. | : | |
| JOHN ARMSTRONG, ET AL. | : | DECEMBER 8, 2003 |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

1.  As to the Preliminary Statement set out in paragraph 1, the defendants admit only the nature of the action. The rest and remainder of the allegations in said paragraph are denied.

2.  Paragraph 2 is admitted.

3.  With respect to paragraph 3, it is admitted that the plaintiff was in the custody of the Connecticut Commissioner of Correction during the period from March 4, 1999 to the present.

4.  Paragraph 4 is admitted except to note that defendant John Armstrong retired as Commissioner of Correction in March, 2003.

5.  With respect to paragraph 5, it is admitted that Larry Myers was the warden at the Northern Correctional Institution from on or about April 1, 1999 until his retirement on April 1, 2003.

6.  With respect to paragraph 6, it is admitted that Brian Murphy was the lead warden at the MacDougall-Walker Correctional Institution from May, 2001 to April, 2003.

7.  With respect to paragraph 7, it is admitted that Hector Rodriguez was the warden at the Cheshire Correctional Institution from May, 2001 until his retirement in April, 2003.

8. With respect to paragraph 8, the defendants have insufficient information or knowledge upon which to form a belief and therefore leave the plaintiff to his proof.

9. With respect to paragraph 9, the defendants have insufficient information or knowledge upon which to form a belief and therefore leave the plaintiff to his proof.

10. With respect to paragraph 10, it is admitted that the responsibilities and duties of the Commissioner of Correction are described, in part, in Conn. Gen. Stat. §§ 18-80, 18-81 and 18-81a. The rest and remainder of said paragraph is denied.

11. With respect to the first sentence of paragraph 11, the provisions of Conn. Gen. Stat. § 19a-103 speak for themselves. Said statute does not set forth all of the responsibilities of a warden and it certainly does not authorize a warden to prescribe or order any specific medical treatment for an inmate. The rest and remainder of said paragraph is denied.

12. Paragraph 12 is responded to in the same manner as paragraph 11.

13. Paragraph 13 is responded to in the same manner as paragraph 11.

14. With respect to paragraph 14, it is admitted that the Correctional Managed Health Care Program has generally followed the NIH guidelines relating to the management of Hepatitis C.

15. With respect to paragraph 15, it is admitted that the plaintiff tested positive for Hepatitis C while incarcerated in the federal prison system prior to his transfer to Connecticut on March 4, 1999. It is further admitted that Hepatitis C is a communicable disease.

16. Paragraph 16 is admitted.

17. With respect to paragraph 17, Conn. Gen. Stat. § 19a-103 speaks for itself. A warden with no medical training or degree cannot legally diagnose a medical condition or prescribe treatment.

18. With respect to paragraph 18, it is admitted that during the course of their employment with the Department of Correction the defendants were acting under color of state law.

19. Paragraph 19 is denied.

20. Paragraph 20 is admitted except the date should read 3/4/99.

21. With respect to paragraph 21, the defendants do not typically have access to medical records and have no knowledge as to which medical staff the plaintiff may have spoken to or what was said during these considerations.

22. With respect to paragraph 22, the defendants have insufficient knowledge or information upon which to form a belief and therefore leave the plaintiff to his proof. A review of plaintiff's medical records does not reveal any request from the plaintiff to Northern medical staff dated December 10, 1999.

23. With respect to the first sentence of paragraph 23, it is admitted that the plaintiff transferred to the MacDougall Correctional Institution on April 5, 2000. With respect to the rest and remainder of said paragraph, the defendants have insufficient knowledge or information upon which to form a belief and therefore leave the plaintiff to his proof.

24. With respect to paragraph 24, it is admitted that the plaintiff was transferred to the Wallens Ridge Correctional Institution in Virginia on April 19, 2000. The rest and remainder of the said paragraph is denied.

25. The first sentence of paragraph 25 is admitted except that the date of the plaintiff's return from Virginia was August 13, 2001. With respect to the rest and remainder of said paragraph, the defendants have insufficient information or knowledge upon which to form a belief and therefore leave the plaintiff to his proof.

26. With respect to paragraph 26, the defendants have insufficient information or knowledge upon which to form a belief and therefore leave the plaintiff to his proof. The record does not reflect any such request.

27. The first sentence of paragraph 27 is admitted except that the date of the plaintiff's transfer to the Cheshire Correctional Institution was March 7, 2002. As to the rest and remainder of said paragraph, the defendants have insufficient information or knowledge upon which to form a belief and therefore leave the plaintiff to his proof. The record does not reflect any such discussion.

28. Paragraph 28 is denied.

29. Paragraph 29 is admitted.

30. With respect to paragraph 30, the defendants have insufficient knowledge or information upon which to form a belief and therefore leave the plaintiff to his proof.

31. Paragraph 31 is denied.

32. Paragraph 32 is denied.

33. Paragraph 33 is denied.

34. Paragraph 34 is denied.

With respect to the section of the Complaint entitled <u>Administrative Remedies</u>, it is admitted that the plaintiff did send correspondence under the heading Notice and Formal Demand to the individuals listed in said section of the Complaint containing a demand as recited in this section of the Complaint. The record further reflects that the plaintiff filed grievances relating to his claim of denial of treatment for Hepatitis C on October 3, 2002, December 20, 2002 and July 21, 2003. The defendants are not aware of any numerous oral and written requests over a period of four years.

## FIRST AFFIRMATIVE DEFENSE

To the extent that this is an action for money damages against the defendants in their official capacity, it is barred by the Eleventh Amendment to the United States Constitution.

## SECOND AFFIRMATIVE DEFENSE

Insofar as this may be deemed an action for money damages against the defendants based on alleged malpractice and/or negligence, it is barred by the immunity granted to State employees under Conn. Gen. Stat. § 4-165.

## THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## FOURTH AFFIRMATIVE DEFENSE

The defendants are entitled to qualified immunity in that, at all relevant times, they reasonably believed that their conduct did not contravene any established constitutional rights and, in fact, their conduct did not violate any clearly established constitutional rights.

## FIFTH AFFIRMATIVE DEFENSE

There is no claim of any personal involvement on the part of the defendants in the drafting and implementation of Hepatitis C treatment protocols, nor is there any claim that any of the defendants possess the medical expertise required to promulgate and implement such protocols or to diagnose and treat such condition.

## SIXTH AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over any John and Jane Doe defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Any claims as to the defendant Larry Myers are barred by the applicable statute of limitations.

DEFENDANTS,
John Armstrong, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Richard T. Couture
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct05480
E-Mail: richard.couture@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591

6

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent by first class mail, postage prepaid, this 8th day of December, 2003, to:

Michael Hartsock, Inmate No. 128651
Cheshire Correctional Institution
900 Highland Avenue
Cheshire, CT  06410

_____
Richard T. Couture
Assistant Attorney General