United States District Court

District of Connecticut

FILED AT BRIDGEPORT
January 23, 2004
Kevin F. Rowe, Clerk
By: Deputy Clerk

| | |
|---|---|
| Michael Hartsock # 128651 | Civil Action No. 3:03 CV 735 ( JCH ) |
| vs. | |
| Defendants | Date: September 8, 2003 |
| John Armstrong | |
| Larry Myers | |
| Brian K. Murphy | |
| Hector Rodriguez | |
| Jack Tokorz | |
| Dr. Edward Blanchette | |
| Patricia Ottolini | |
| Dr. Dieckhaus | |
| Dr. Jack Maleh | |
| P. Pace | |
| Pamela Shea | |
| Pat Wollenhaupt | |

**Caption Page**

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| Michael Hartsock    #128651<br>Plaintiff<br><br>vs.<br><br>John Armstrong, Commissioner<br>Department of Corrections<br>Defendant<br><br><br>Larry Myers, Warden<br>Northern Correctional Institution<br>Defendant<br><br><br>Brian K. Murphy, Warden<br>MacDougall Correctional Institution<br>Defendant<br><br><br>Hector Rodriguez, Warden<br>Cheshire Correctional Institution<br>Defendant<br><br><br>Jack Tokorz, Deputy Commissioner<br>Department of Corrections<br>Defendant<br><br><br>Dr. Edward Blanchette, Chief Doctor<br>Department of Corrections<br>Defendant | Civil Action No. 3:03 CV 735 (JCH)<br><br><br>Date:_____ |

I

Patricia Ottolini, Director of Nursing
Department of Corrections
<u>Defendant</u>

Dr. Dieckhaus, Infectious Disease
Specialist, Dept. of Corrections
<u>Defendant</u>

Dr. Jack Maleh, Chief Doctor
Cheshire Correctional Institution
<u>Defendant</u>

P. Pace, C.H.N.S.
Cheshire Correctional Institution
<u>Defendant</u>

Pamela Shea, H.S.A.
Department of Corrections
<u>Defendant</u>

Pat Wollenhaupt  Nursing Supervisor
Department of Corrections
<u>Defendant</u>

## First Amended Complaint With Jury Demand

1.) This is a lawsuit arising out of the deliberate indifferance of the defendant to the known and serious medical illness of the plaintiff **Michael Hartsock,** whose medical condition has deteriorated substantially as a direct result of the defendants lawless conduct. Specifically, the defendants knew or reasonably should have known that their delay, obstruction, or denial of reasonable and necessary diagnostic testing and medical treatment for plaintiff's chronic, degenerative, infectious, communicable disease, the **Hepatitis C Virus**, would cause irreparable damage to the plaintiff liver. The plaintiff was then transferred to an out of State facility, ill-equipped to handle his serious medical problem and in violation of their governing agencies policy and the contract Connecticut had with the State of Virginia. The plaintiff claims abridgementof his rights to be free from Cruel and Unusual Punishment under the Eight and Fourteenth Amendments to the United States Constitution and his right to Substantive Due Process arising under the Fourteenth Amendment to the United States Constitution.

2.) Jurisdiction of this court is invoked under the provisions of §§ 1331, 1343 (3) and 1367 (a) of Title 29 §§ 1983 and 1988 of Title 42 of The United States Code.

3.) The plaintiff **Michael Hartsock** at all times relevant to this complaint, an inmate within the care and custody of the Connecticut Department of Corrections.

4.) Defendant **John Armstrong,** was at all times relevant to this complaint, was the Commissioner of the Connecticut Department of Corrections. His address was 24 wolcott Hill Rd; Wethersfield, Connecticut. 06109. He is being sued in his Individual and Official Capacity.

5.) Defendant **Larry Myers** was at all times relvant to this complaint, the Warden of Northern Correctional Institution. His address was 287 Bilton Rd; P.O. 665 Somers,

Connecticut, 06071. He is being sued in his Individual and Official Capacity.

6.) Defendant Brian K. Murphy was at all times relevant to this complaint, Warden of the MacDougall Correctional Institution. His address was 1153 East St. South, Suffield, Connecticut. 06080. He is being sued in his Individual and Official Capacity.

7.) Defendant Hector Rodriquez was at all times relevant to this complaint, Warden of the Cheshire Correctional Institution. His address was 900 Highland Ave, Cheshire, Connecticut. 06410. He is being sued in his Individual and Official Capacity.

8.) Defendant Jack Tokorz, Deputy Commissioner, Connecticut, Department of Corrections. His address was 24 Wolcott Hill Rd, Wethersfield, Connecticut. 06109. He is being sued in his Individual and Official Capacity.

9.) Defendant Dr. Edward Blanchette, Connecticut Department of Corrections, He is the Chief Doctor for the Department of Corrections, His address was 24 wolcott Hill Rd, Wethersfield, Connecticut. 06109. He is being sued in his Individual and Official Capacity.

10.) Defendant Patricia Ottolini, Director of Nursing, Connecticut Department of Corrections. Her address was 24 Wolcott Hill Rd, Wethersfield Connecticut. 06109. She is being sued in her Individual and Official Capacity.

11.) Defendant Dr. Dieckhaus, Infectious Disease Specialist, Cheshire Correctrional Institution. His address was 900 Highland Ave, Cheshire, Connecticut. 06410. He is being sued in his Individual and Official Capacity.

12.) Defendant <u>Dr J. Maleh, Chief Doctor Cheshire, Correctional Institution.</u> His address was <u>900 Highland Ave, Cheshire Connecticut. 06410.</u> He is being sued in his <u>Individual and Official Capacity.</u>

13.) Defendant <u>P. Pace C.H.N.S.,</u> at <u>Cheshire Correctional Institution.</u> Her address was <u>900 Highland Ave. Cheshire, Connecticut.06410.</u> She is being sued in her <u>Individual and Official Capacity.</u>

14.) Defendant <u>Pamela Shea, H.S.A. Connecticut Department of Correction,</u> Her address was <u>900 Highland Ave. Cheshire, Connecticut. 06410.</u> She is being sued in her <u>Individual and Official Capacity.</u>

15.) Defendant <u>Pat Wollenhaupt, Nursing Supervisor, Connecticut Department of Corrections,</u> Her address was <u>24 Wolcott Hill Rd, Wethersfield, Connecticut. 06109.</u> She is being sued in her <u>Individual and Official Capacity.</u>

16.) Defendant <u>John Armstrong,</u> his duties are defined in Connecticut General Statutes § 18-80, § 18-81, and § 18-81a. Because of deliberate, willful and malicious indifference. The defendant has failed in his duties, obligations and responsibilities to properly train his subordinates in the Connecticut Constitution, State Statutes, Laws, Regulations, Customs and usages of the State of Connecticut, in particular <u>Connecticut General Statute § 19a-103. Regulation of Connecticut State Agencies, Title 19a Public Health and Well Being, section 19a-36-A1, Definitions, Subsection (f)</u> and <u>Connecticut Correctional Managed Health Care, Guidelines concerning the Hepatitis C Virus.</u>

17.) Defendant <u>John Armstrong</u> was fully placed on notice of plaintiff's special medical needs and medical condition on or about <u>April 29, 2002</u> by plaintiff's <u>Notice and Formal Demand. "Please see Administrative Remedies section of this complaint."</u> Because of Defendant Armstrongs

V

deliberate, willful and malicious indifference, defendant Armstrong ignored plaintiff's medical needs and condition, and Connecticut General Statute § 19a-103 causing added and irreparable damage to the plaintiff's liver.

18.) Defendant Hector Rodriquez was fully placed on notice of plaintiff's special medical needs and medical condition, on or about April 29 2002 by plaintiff's Notice and Formal Demand. "Please see Administrative Remedies section of this complaint." Because of defendant Rodriquezs deliberate, willful and malicious indifference, defendant Rodriquez ignored plaintiff's medical needs and condition and Connecticut General Statute § 19a-103 causing added and irreparable damage to the plaintiff's liver.

19.) Defendant Jack Tokorz, was fully placed on notice of plaintiff's special medical needs and medical condition, on or about April 29, 2002 by plaintiff's Notice and Formal Demand. "Please see Administrative Remedies section of this complaint." Because of defendant Tokorz deliberate, willful and malicious indifference, defendant Tokorz ignored plaintiff's medical needs and condition and Connecticut General Statute § 19a-103, causing added and irreparable damage to the plaintiff's liver.

20.) Defendant Dr. Edward Blanchette, was fully placed on notice of plaintiff's special medical needs and medical condition, on or about April 29, 2002 by plaintiff's Notice and Formal Demand. "Please see Administrative Remedies section of this complaint." Because of defendant Blanchettes deliberate, willful and malicious indifference, defendant Blanchette ignored plaintiff's medical needs and condition and Connecticut General Statute § 19a-103, causing added and irreparable damage to the plaintiff's liver.

21.) Defendant Patricia Ottolini, Was fully placed on notice of plaintiff's special medical needs and medical condition, on or about April 29, 2002 by plaintiff's Notice and Formal Demand. "Please see Administra-

tive Remedies section of this complaint." Because of defendant Ottolinis deliberate, willful and malicious indifference, defendant Ottolini ignored plaintiff's medical needs and condition and **Connecticut General Statute § 19a-103,** causing added and irreparable damage to the plaintiff's liver.

22.) Defendant **Pat Wollenhaupt,** came to Northern Correctional Institution on or about November 1999 for her monthly tour at which time she interview the plaintiff about his Hepatitis C Virus. She stated, "I can tell by looking at you that you are not a candidate to be treated for the Hepatitis C virus." That statement in and of itself shows that **Supervising Nurse Pat Wollenhaupt,** deliberate, willful and malicious indifference towards the plaintiff and his medical needs and **Connecticut General Statute § 19a-103,** causing added and irreparable damage to the plaintiff's liver.

23.) Defendant **Larry Myers,** his Duties, Responsibilities and Obligations are defined in **Connecticut General Statute § 19a-103,** Because of deliberate and willful indifference the defendant has failed and refused in his duties and obligations, causing substantial and irreparable damage to the plaintiff's liver. **See Exhibit-C.**

24.) Defendant **Brian K. Murphy,** his Duties, Responsibilities and Obligations are defined in the **Connecticut General Statute § 19a-103,** Because of deliberate and willful indifference the defendant has failed and refused in his duties and obligations, causing substantial and irreparable damage to the plaintiff's liver. **See Exhibit-C.**

25.) Defendant **Hector Rodriquez,** his Duties, Responsibilities and Obligations are defined in the **Connecticut General Statute § 19a-103,** Because of deliberate and willful indifference the defendant has failed and refused in his duties and obligations, causing substantial and irreparable damage to the plaintiff's liver, **See Exhibit-C.**

26.) In March of 1997 <u>The National Institute of Health,</u> set down Guide lines for the treatment for the Hepatitis C Virus, which the Correctional Managed Health Care of Connecticut adopted. <u>See Exhibit-A.</u>

27.) During the term of his incarceration, the plaintiff has been diagnosed as being infected with the <u>Hepatitis C Virus. Hepatitis C is a communicable disease.</u>

28.) According to Regulations of Connecticut State Agencies, Title § 19a, Public Health and Well Being, section § 19a-36-A1, Definitions, Subsection (f) "Communicable Disease means, "<u>a disease or condition, the infectious agent of which may pass or be carried directly or indirectly from an infected person or animal to another person or animal.</u> <u>See Exhibit-B.</u>

29.) According to the provisions of Connecticut General Statute §19a-103, each person in charge of each institution is mandated to provide proper diagnosing and necessary treatment to all prisoners infected with a communicable disease. <u>See Exhibit-C.</u>

30.) At all times relevant to this complaint, the defendant each one of them were acting under the color of law, that is under the color of the Constitution Laws, Regulations, Customs and Usages of the State of Connecticut.

31.) At all times relevant to this complaint, the defendants were acting jointly and in concert with each other. Each defendant had the mandated duty, and opportunity to protect the plaintiff, but each defendant failed and refused to perform such mandated duty, thus directly or indirectly causing substantial and irreparable damage to the liver, incresing the plaintiff's injuries.

32.) The plaintiff has been in the custody of the Conneticut State Department of Corrections since 03/01/1999.

33.) On or about 03/02/1999, during the plaintiff's initial medical interview and examination plaintiff informed the medical staff at Northern Correctional Institution that the plaintiff was infected with the Hepatitis "C" Virus, for which the plaintiff wanted treatment. The plaintiff further informed the Northern medical staff that they would have to obtain his medical records from the Federal Bureau of Prisons. The Northern medical staff took absolutely no action on the information plaintiff gave them.

34.) On or about 12/10/1999, plaintiff wrote an Inmate Request to the medical department at the Northern Correctional Institution, infrorming the medical staff that the plaintiff had **Hepatitis "C" Virus.** Plaintiff requested treatment for his **Communicable disease,** plaintiff again informed the medical staff that they would have to obtain a copy of his medical records from the Federal Bureau of Prisons. The request was neither acted on nor was it answered, showing the deliberate indifferance of the Northern Correction Institutions Medical Department.

35.) On or about 03/20/2000 plaintiff was Transfered to MacDougall Correctional Institution. During plaintiff's initial medical interview and examination plaintiff informed the Medical Staff that he was infected with the Hepatitis "C" Virus, for which the plaintiff wanted treatment. The plaintiff further informed the Medical Staff at MacDougall that they would have to obtain a copy of his medical records from the Fediral Bureau of Prisons. MacDougall Medical Staff failed and/ or refused.

36.) On or about 04/05/2000, the defendant outwardly showed their deliberate indifference by Transferring the plaintiff to an out of state facility ill-equipped to handle his serious medical condition and a direct violation of the conditions of the contract with the State of Virginia.

IX

37.) During the plaintiff's initial medical interview and medical examination, plaintiff informed the medical staff at Wallen's Ridge State Prison, in the State of Virginia that the plaintiff was infected with the <u>Hepatitis "C" Virus,</u> at which time the medical staff informed the plaintiff that they had no medical records on him from the State of Connecticut and they would have to test him to verify the plaintiff's statement.

38.) On or about 08/28/2001, plaintiff was returned to MacDougall Correctional institution, from the State of Virginia. During the interview and medical examination plaintiff <u>again</u> informed the medical staff he was infected with the <u>Hepatitis "C" Virus,</u> and that he wanted treatment. Plaintiff <u>once again informed the medical staff they would have to obtain his medical records from the Federal Bureau of Prisons.</u>

39.) Once again, on or about 11/04/2001, plaintiff sent an Inmate Request to the medical department at MacDougall requesting treatment for his chronic, degenerative, infectious communicable disease. The medical staff at MacDougall failed and refused to answer his request.

40.) On or about 02/27/2002, plaintiff was transferred to Cheshire Correctional Institution. During plaintiff's initial medical interview and examination plaintiff informed the medical staff he was infected with the chronic, degenerative, infectious commmunicable disease, the <u>Hepatitis "C" Virus.</u> Plaintiff informed the medical staff that they would have to obtain his medical records from the Federal Bureau of Prisons, which all other prisons seemed to deliberately failed and / or refused to do.

41.) Plaintiff has written a number of request to the medical department at Cheshire, nothing has been done or at best a minimal of consideration has been giving to the plaintiff.

X

42.) Plaintiff has had a medic give him some absurd reason why he should not be treated, that are not within the guidelines set down by the National Institute of Health and adopted by the Correctional Medical Health Care. **See Exhibit-A.**

43.) On December 20, 2002, plaintiff filed a Level One Grievance. Defendant **P. Pace, C.H.N.S,** showed her deliberate indifference by not answering the level one grievance in the time frame mandated by **Administrative 9.6, page 5, line 15,** Plaintiff attached a copy of the guidelines adopted by the Correctional Medical Health Care. A copy of the Regulations of Connecticut State Agencies 19a-36-A1, section 19a-36-A1 definitions, sub section (f) and Connecticut General Statute § 19a- 103. **See attached Exhibits-A,B,C.**

44.) January 21, 2003. Plaintiff filed a Level Two Grievance. Defendant **Pamela Shea H.S.A.** showed her deliberate indifference by denying the level two grievance. Plaintiff attached a copy of the Level one Greievance, a copy of the guidelines adopted by the Correctional Medical Health Care, a copy of the Regulations of Connecticut State Agenies 19a-36-A1, Section 19a-36-A1. Definitions, Sub Section (f), and a copy of Connecticut General Statute § 19a-103. **See attached Exhibits A,B,C.**

45.) Despite the defendants knowledge of the plaintiff's medical condition and what is and was necessary to treat the condition, the defendants continue to show deliberately indifferance by failing and / or refusing to provide treatment and plaintiff has been left untreated for approximately **FOUR YEARS,** while this chronic, degenerative, infectious, communicable disease, a liver condition revages and permanently damages his liver.

46.) Every defendant named in this complaint either directly and indirectly violated Connecticut General statue 19a-103, Control of communicable diseases in institutions, participated in the violation or knew of the violation and did absolutely nothing to remedy the violation.

47.) As a direct and proximate result of the defendants' deliberate indifferance to the plaintiff's known and serious medical needs and condition. The plaintiff has suffered and continues to suffer permanent and irreversible damage to vital organ's, placing the plaintiff's life in serious jeopardy.

48.) The acts and omissions of the defendants described herein were the proximate cause of the plaintiff's pain and suffering, his loss of the enjoyment of life, his expected short life span and the constitutional rights herein described.

49.) In the manner described herein, the defendant's deprived the plaintiff of his right to be free from Cruel and Unusaual Punishment and his right to Substantive Due Process.

WHEREFORE. The plaintiff claims judgement against each of the defendants jointly and severally as follows:

A.) Compensatory damages in an amount this court shall consider to be just, reasonable and fair.

B.) Punitive damages in an amount this court shall consider to be just, reasonable and fair.

C.) And if the plaintiff should find an Attorney to represent him, Attorney fees and cost of this action pursuant to 42 U.S.C. § 1988;

D.) Injunctive relief where applicable:

E.) Such other relief as this court consider ot be fair and equitable.

## Adiministrative Remedies

Administrative Directive number 9.6, Title: Inmate Grievance, page 2, section 6: Grievable Matters, sub section A: <u>Grievable:</u> <u>The following matters are grievable.</u> Sub Section A, line 5 state as follows: Any other matters relating to access to privileges, programs and services, condition of care or supervision and living unit conditions with in the authority of the Department of Corrections, to include rights under the <u>Americans with Disabilities Act,</u> "except as noted herein."

Administrative Directive number: 9.6, Title: Inmate Grievance, page 3, section B: <u>non-grievable: states as follows.</u> The following matters are not grievable. Line 1 <u>State and Federal Laws and Regulations.</u> Line 6. <u>Health Services Diagnosis or Treatment.</u>

It certainly would seem that <u>Health Services Diagnosis Treatment</u> and <u>State and Federal Laws and Regulations</u> are under the <u>except as noted herein,</u> under the grievable matters.

Administrative Directive number: 9.6, Title: Inmate Grievances is explicit specific and extremely clear. <u>State and Federal Laws and Regulations are not grievable</u> and <u>Health Services Diagnosis or Treatment</u> are not grievable. See attached Exhabit-D.

Administrative Directive number 9.6, Title Inmate Grievance, It does not state there is a separate or different appeal process or system. The directive only states. " <u>Health Services Diagnosis or Treatment is not grievable.</u>"

Therefore being that plaintiff is claiming a violation of <u>Connecticut General Statute § 19a- 103</u> and <u>Health Services Diagnosis or Treatment.</u>

XIII

Neither of which are grievable in accordance with Administrative Directive, Number 9.6, Title: Inmate Grievance. The plaintiff should not be required to exhaust administrative remedies. <u>See attached Exhibits-D.</u>

Numerous oral and written request over a period of four years or more, that went unanswered.

On or about April 29, 2002. Plaintiff sent a <u>NOTICE AND FORMAL DEMAND</u> to <u>John Armstrong,</u> Commissioner C.D.O.C., <u>Jack Tokorz,</u> Deputy Commissioner of C.D.O.C., <u>Richard Blumenthal,</u> Attorney General of Connecticut, <u>Dr. Edward Blanchette,</u> C.D.O.C., <u>Patricia Ottolini,</u> Director of Nursing C.D.O.C. <u>Hector Rodriquez,</u> Warden of Cheshire Correctional Institution, <u>Dr. Dieckhaus,</u> Infectious Disease Specialist, Cheshire Correctional Institution, <u>Dr. J. Maleh,</u> Chief Doctor Cheshire Correctional Institution.

The aforesaid: <u>NOTICE AND FORMAL DEMAND,</u> stated as follows: This is to inform you I have a <u>Chronic, Degenerative, Infectious, Communicable Disease,</u> according to my medical records I have the <u>Hepatitis "C" Virus.</u> Pursuant to Connecticut General Statute § 19a- 103, you have an affirmative mandated legal obligation to examine and give necessary treatment to all prisoners known to be infected with a communicable disease.

Furthermore, pursuant to the United States Constitution, you have a Constitutional mandated duty to provide treatment to prisoners with a <u>Chronic and / or degenerative medical condition.</u> The Hepatitis "C" Virus is both <u>Chronic and Degenerative,</u> a serious medical condition.

For all the foregoing reasons, I have formally demanded proper testing and necessary treatment by a specialist <u>( Gastroenterologist or Hepatologist.)</u> In the management, Hepatitis "C" Virus, which I have a right to pursuant to the Connecticut General Statutes and the United States Constitution.

If I do not receive proper testing and treatment in a reasonable amount of time, I will file the necessary court action for damages.

---

**Level One Grievance** was filed on December 20, 2002. **IGP No. M125-021-03** was not answered in the time frame mandated by the **Administrative Directive 9.6, page 5, paragraph 15.**

**Level Two Grievance** was filed on January 21, 2003. **IGP No. M125-021-03.** Plaintiff clearly marked that Level Two Grievance was filed because the **Level One Grievance was not answered in the time frame mandated by Administrative Directive 9.6, page 5, paragraph 15.**

When Level One Grievance was returned on **January 23, 2003. Four days over the time frame mandated in Administrative Directive 9.6, page 5, paragraph 15. IGP No. M125-021-03. The date of the disposition was compromised.** No forms for appeal were provided as mandated by **Administrative Directive 9.6, page 5, paragraph 15.**

When Level Two Grievance was returned on **February 21, 2003.** The date of the disposition was denied and marked. **This Grievance may not be appealed to a Level Three Grievance.**

**THEREFORE:** Plaintiff asserts and declares that he, the plaintiff has exhausted all administrative remedies available to him, under all circumstances.

Respectfully Submitted
The Plaintiff, Pro-se

X_____
Michael Hartsock # 128651
Cheshire Correctional Institution
900 Highland Ave.
Cheshire, Connecticut. 06410

**Declaration Under Penalty of Perjury**

The undersigned declares under penalty of perjury that he is the plaintiff in the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1621.

Executed at: Connecticut, Date. 9/8/03

X_____
Plaintiff's Signature.

Drafted By L.J.P.

XV