UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| MICHAEL HARTSOCK | : | PRISONER<br>CIVIL NO. 3:03CV735 (JCH)(HBF) |
| V. | : |  |
| JOHN ARMSTRONG, ET AL. | : | AUGUST 27, 2004 |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

1.  As to the preliminary statement set out in paragraph 1, the defendants admit only the nature of the action. The rest and remainder of the allegations in said paragraph are denied.

2.  Paragraph 2 is admitted except for the term Title 29 which is denied.

3.  With respect to paragraph 3, it is admitted that the plaintiff was in the custody of the Connecticut Commissioner of Correction during the period from March 4, 1999 to the present.

4.  Paragraph 4 is admitted except to note that defendant John Armstrong retired as Commissioner of Correction in March, 2003.

5.  With respect to paragraph 5, it is admitted that Larry Myers was the warden at the Northern Correctional Institution from on or about April 1, 1999 until his retirement on April 1, 2003.

6.  With respect to paragraph 6, it is admitted that Brian Murphy was the lead warden at the MacDougall Correctional Institution from May, 2001 to April, 2003.

7.  With respect to paragraph 7, it is admitted that Hector Rodriguez was the warden at the Cheshire Correctional Institution from May, 2001 until his retirement in April, 2003.

8.  Paragraph 8 is admitted except to note that defendant Jack Tokarz retired as Deputy Commissioner of Correction in March, 2003.

9.  Paragraph 9 is admitted except to note that Dr. Blanchette is the Director of Clinical Services for the Connecticut Department of Correction.

10. Paragraph 10 is admitted except to note that defendant Patricia Ottolini was the Director of Nursing and Field Services until August, 2002 at which time she became the Director of Health and Addiction Services for the Connecticut Department of Correction.

11. Paragraph 11 is admitted except to note that Dr. Kevin Dieckhaus left his position with the Connecticut Department of Correction in August, 2002.

12. Paragraph 12 is admitted except to note that Dr. Jack Maleh left his position with the Connecticut Department of Correction in June, 2002. He died on August 5, 2004.

13. Paragraph 13 is admitted except to note that Patricia Pace retired from the Correctional Managed Health Care Program in January, 2003.

14. Paragraph 14 is admitted except to note that Pamela Shea left the Correctional Managed Health Care Program in November, 2003.

15. Paragraph 15 is admitted except the address given is denied.

16. With respect to paragraph 16, it is admitted that the responsibilities and duties of the Commissioner of Correction are described, in part, in Conn. Gen. Stat. §§ 18-80, 18-81 and 18-81a. The rest and remainder of said paragraph is denied.

17. With respect to paragraph 17, it is admitted that the plaintiff sent a copy of a document entitled "Notice And Formal Demand" to Commissioner John Armstrong and others on or about May 1, 2002, the contents of which are as set forth in the "Administrative Remedies"

section of the plaintiff's Amended Complaint. The rest and remainder of said paragraph is denied.

18. With respect to paragraph 18, it is admitted that the plaintiff sent a copy of a document entitled "Notice And Formal Demand" to Hector Rodriguez and others on or about May 1, 2002, the contents of which are as set forth in the "Administrative Remedies" section of the plaintiff's Amended Complaint. The rest and remainder of said paragraph is denied.

19. With respect to paragraph 19, it is admitted that the plaintiff sent a copy of a document entitled "Notice And Formal Demand" to Deputy Commissioner Tokarz and others on or about May 1, 2002, the contents of which are as set forth in the "Administrative Remedies" section of the plaintiff's Amended Complaint. The rest and remainder of said paragraph is denied.

20. With respect to paragraph 20, it is admitted that the plaintiff sent a copy of a document entitled "Notice And Formal Demand" to Dr. Edward Blanchette and others on or about May 1, 2002, the contents of which are as set forth in the "Administrative Remedies" section of the plaintiff's Amended Complaint. The rest and remainder of said paragraph is denied.

21. With respect to paragraph 21, it is admitted that the plaintiff sent a copy of a document entitled "Notice And Formal Demand" to Patricia Ottolini and others on or about May 1, 2002, the contents of which are as set forth in the "Administrative Remedies" section of the plaintiff's Amended Complaint. The rest and remainder of said paragraph is denied.

22. Paragraph 22 is denied.

23. With respect to paragraph 23, the provisions of Conn. Gen. Stat. § 19a-103 speak for themselves. Said statute does not set forth all of the responsibilities of a warden and it

certainly does not authorize a warden to prescribe or order any specific medical treatment for an inmate. The rest and remainder of said paragraph is denied.

24. Paragraph 24 is responded to in the same manner as paragraph 23.

25. Paragraph 25 is responded to in the same manner as paragraph 23.

26. With respect to paragraph 26, it is admitted that the Correctional Managed Health Care Program has generally followed the NIH guidelines relating to the management of Hepatitis C.

27. With respect to paragraph 27, it is admitted that the plaintiff tested positive for Hepatitis C while incarcerated in the federal prison system prior to his transfer to Connecticut on March 4, 1999. It is further admitted that Hepatitis C is a communicable disease.

28. Paragraph 28 is admitted.

29. With respect to paragraph 29, Conn. Gen. Stat. § 19a-103 speaks for itself. A warden with no medical training cannot legally diagnose a medical condition or prescribe treatment.

30. With respect to paragraph 30, it is admitted that during the course of their employment with the Department of Correction and/or the Correctional Managed Health Care Program, the defendants were acting under color of state law.

31. Paragraph 31 is denied.

32. Paragraph 32 is admitted except the date should read 3/4/99.

33. With respect to paragraph 33, it is admitted that medical staff were aware of the plaintiff's Hepatitis C status at the time of his admission to the Northern Correctional Institution on March 5, 1999. The rest and remainder of said paragraph is denied in that it is unsupported by the pertinent medical records.

34. Paragraph 34 is denied in that it is unsupported by pertinent medical records.

35. With respect to paragraph 35, it is admitted that the plaintiff was transferred to the MacDougall Correctional Institution on April 5, 2000 and that his Hepatitis C status was reflected in his medical records. The rest and remainder of said paragraph is denied in that it is unsupported by the pertinent medical records.

36. With respect to paragraph 36, it is admitted that the plaintiff was transferred to the Wallens Ridge Correctional Institution in Virginia on April 19, 2000. The rest and remainder of said paragraph is denied.

37. With respect to paragraph 37, the defendants have no knowledge as to the nature of any conversation which the plaintiff may have had with medical staff at Wallens Ridge upon his arrival at that facility. Documents were sent to Wallens Ridge with the plaintiff describing his medical condition (including Hepatitis C) and his medications. The plaintiff refused requests of Wallens Ridge medical staff for various blood tests including a Hepatitis panel.

38. The first sentence of paragraph 38 is admitted except that the date of the plaintiff's return from Virginia was August 13, 2001. With respect to the rest and remainder of said paragraph, there is no indication in the record of any discussion regarding Hepatitis C treatment at that time.

39. Paragraph 39 is denied in that there is no record of any contact between the plaintiff and the medical staff at MacDougall Correctional Institution in November, 2001.

40. The first sentence of paragraph 40 is admitted except that the date of the plaintiff's transfer to the Cheshire Correctional Institution was March 7, 2002. The rest and remainder of said paragraph is denied in that there is no indication of any such discussion at that time.

41. Paragraph 41 is denied.

42. With respect to paragraph 42, the defendants have insufficient information or knowledge upon which to form a belief and therefore leave the plaintiff to his proof.

43. The first sentence of paragraph 43 is admitted. The rest and remainder of said paragraph is denied.

44. With respect to paragraph 44, the defendants cannot locate a Level Two grievance from the plaintiff dated January 21, 2003.

45. Paragraph 45 is denied.

46. Paragraph 46 is denied.

47. Paragraph 47 is denied.

48. Paragraph 48 is denied.

49. Paragraph 49 is denied.

With respect to the section of the Complaint entitled "Administrative Remedies," it is admitted that the plaintiff did send correspondence under the heading Notice and Formal Demand to the individuals listed in said section of the Complaint containing a demand as recited in this section of the Complaint. The record further reflects that the plaintiff filed grievances relating to his claim of denial of treatment for Hepatitis C on October 3, 2002, December 20, 2002 and July 21, 2003. The defendants are not aware of any numerous oral and written requests over a period of four years.

**FIRST AFFIRMATIVE DEFENSE**

To the extent that it is an action for money damages against the defendants in their official capacity, it is barred by the Eleventh Amendment to the United States Constitution.

### SECOND AFFIRMATIVE DEFENSE

Insofar as this may be deemed an action for money damages against the defendants based on alleged malpractice and/or negligence, it is barred by the immunity granted to State employees under Conn. Gen. Stat. § 4-165.

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

The defendants are entitled to qualified immunity in that, at all relevant times, they reasonably believed that their conduct did not contravene any established constitutional rights and, in fact, their conduct did not violate any clearly established constitutional rights.

### FIFTH AFFIRMATIVE DEFENSE

There is no claim of any personal involvement on the part of defendants Armstrong, Myers, Murphy, Rodriguez, Tokarz, Ottolini, Pace, Shea and Wollenhaupt in the drafting and implementation of Hepatitis C treatment protocols, nor is there any claim that any of these defendants possess the medical expertise required to promulgate and implement such protocols, to determine the appropriateness of any particular treatment for Hepatitis C and/or to order any such treatment.

### SIXTH AFFIRMATIVE DEFENSE

Any claims as to defendants Larry Myers and Patricia Wollenhaupt are barred by the applicable statute of limitations.

<div style="margin-left:40%">
DEFENDANTS
John Armstrong, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL
</div>

BY:    /s/
<div style="margin-left:40%">
Richard T. Couture
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct05480
E-Mail: richard.couture@po.state.ct.us
Tel.: (860) 808-5450
Fax: (860) 808-5591
</div>

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed by first class mail, postage prepaid, this 27th day of August, 2004, to:

Michael Hartsock, Inmate No. 128651
Cheshire Correctional Institution
900 Highland Avenue
Cheshire, CT 06410

<div style="margin-left:40%">
   /s/
Richard T. Couture
Assistant Attorney General
</div>